| 225 BARONNE COMPLEX, LLC | * | NO. 2022-CA-0793 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| ROY ANDERSON CORP. AND THE HONORABLE CHELSEY R. NAPOLEON, IN HER CAPACITY AS THE RECORDER OF MORTGAGES FOR ORLEANS PARISH | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-01044, DIVISION "B-5"
Honorable Rachael Johnson
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

James M. Garner
Christopher T. Chocheles
Leopold Z. Sher
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, LA 70112

Mark W. Frilot
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
3 Sanctuary Boulevard, Suite 201
Mandeville, LA 70471

COUNSEL FOR PLAINTIFF/APPELLEE

Lloyd N. Shields
Allison R. Colon
Elizabeth L. Gordon
IRWIN FRITCHIE URQUHART & MOORE, LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLANT

**MOTION TO DISMISS GRANTED; JUDGMENT VACATED; REMANDED**

March 24, 2023

*RML*

*SCJ*

*NEK*

This is a summary mandamus proceeding pursuant to La. R.S. 44:114(A)(2)[1] and La. R.S. 9:4833(E),[2] seeking to compel the Orleans Parish Recorder of Mortgages (the "Recorder") to cancel a lien. The other two parties to this proceeding are 225 Baronne Complex, L.L.C. ("225 Baronne")—the building owner who filed this proceeding; and Roy Anderson Corporation ("RAC")—the general contractor who filed the lien on 225 Baronne's property (the "Lien").

The underlying dispute among the parties arises out of a construction contract to renovate a large office building into a hotel, an apartment building, and a garage (the "Project"). RAC filed the Lien under the Louisiana Private Works Act. La. R.S. 9:4801, *et seq.* (the "PWA"). The underlying facts regarding this appeal are undisputed; most of those facts are set forth in this court's two prior

---

[1] La. R.S. 44:114(A)(2) provides that any interested person "may bring an action against the recorder in his official capacity" to "[c]ompel the cancellation from the records of any instrument or document authorized or permitted to be cancelled."

[2] La. R.S. 9:4833(E) provides, in pertinent part, that "[i]f the effect of recordation of a statement of claim or privilege has ceased for lack of timely filing of a notice of pendency of action, the recorder of mortgages upon receipt of a written signed application shall cancel the recordation of the statement of claim or privilege."

1

opinions: *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 16-0492 (La. App. 4 Cir. 12/14/16) (*unpub.*), 2016 WL 7238975 ("*225 Baronne I*"); and *Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.*, 18-0962 (La. App. 4 Cir. 9/25/19), 280 So.3d 730 ("*225 Baronne II*").

From the trial court's April 29, 2022 judgment granting 225 Baronne's petition to cancel the Lien, ordering the Recorder to remove and cancel the Lien, and denying RAC's *res judicata* exception, RAC appeals. After the case was docketed and fully briefed, RAC filed a Motion to Dismiss or, Alternatively, Remand for Trial Court Consideration of New Evidence filed on behalf of Appellant, Roy Anderson Corp. (the "Motion"). For the reasons that follow, we grant the Motion, vacate the trial court's judgment, and remand.

## DISCUSSION

In the Motion, RAC requests that we vacate the trial court's April 29, 2022 judgment and remand this matter to the trial court to consider newly-discovered evidence, which likely will affect the outcome of this matter. According to RAC, it has discovered previously unavailable evidence confirming that as of February 15, 2017—when a prior lawsuit seeking to cancel a lien filed by RAC was pending— 225 Baronne knew of all of the facts alleged in this lawsuit and the claim it has asserted in the Second Lien Removal Suit. The newly-discovered evidence, RAC contends, makes certain that all of the elements of *res judicata* are present and La. R.S. 13:4231 and La. C.C.P. art. 425 support that this second suit is barred and should be dismissed.

2

An appellate court's authority to remand a case to the trial court for the consideration of additional evidence, when necessary to reach a just decision and to prevent a miscarriage of justice, is conferred by La. C.C.P. art. 2164.[3] *Alex v. Rayne Concrete Service*, 05-1457, 05-2344, 05-2520, p. 23 (La.1/26/07), 951 So.2d 138, 155. The Supreme Court has observed that "whether or not any particular case should be remanded is a matter which is vested largely within the [appellate] court's discretion and depends upon the circumstances of the case." *Id.* "When an appellate court remands a case without rendering a decision so the trial court may receive new evidence, the appellate court is required to set aside the existing judgment." Roger A. Stetter, LA. PRAC. CIV. APP. § 12:27 (2022).

Applying these principles here, we find—in light of the purported new evidence—that this matter must be remanded for consideration of whether that evidence is relevant in resolving the *res judicata* issue. In so doing, we acknowledge that, as a court of record, we cannot consider the purported newly discovered evidence; it is not properly before us. Nonetheless, to prevent a potential miscarriage of justice from the failure to consider such evidence, we find the appropriate remedy is to remand. To do so, we must vacate the trial court's

---

[3] La. C.C.P. art. 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

judgment. Accordingly, we grant the Motion, vacate the trial court's judgment, and remand.

## **DECREE**

For the foregoing reasons, the RAC's Motion to Dismiss or, Alternatively, Remand for Trial Court Consideration of New Evidence is granted, the trial court's April 29, 2022 judgment is vacated, and this matter is remanded.

**MOTION TO DISMISS GRANTED; JUDGMENT VACATED; REMANDED**